The decision below is hereby signed.  It is not
intended for publication in West's Bankruptcy
Reporter.  Dated: November 5, 2007.



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THEODORE MILES, | ) | Case No. 04-01128 |
| | ) | (Chapter 13) |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| THEODORE MILES, | ) | |
| | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
|     v. | ) | 07-10000 |
| | ) | |
| CARLOS SAENZ, _et al._, | ) | |
| | ) | |
|     Defendants. | ) | |

MEMORANDUM DECISION REGARDING MOTION TO
PERMIT WITHDRAWAL OF COUNSEL FOR DEFENDANT SAENZ

The attorneys for Carlos Saenz have filed a motion to
withdraw, alleging that Saenz has not paid their fees, and has
not acceded to their legal advice.  Saenz has opposed the motion,
disputing the fees the attorneys claim they are owed, asserting
that he has not yet found replacement counsel, and denying their
allegation that he has not followed their advice.

A court generally does not bar withdrawal of a party's attorneys unless it would interfere with the proceeding being concluded on schedule.  Here the plaintiff himself has recently requested an enlargement of the schedule, and a trial date has not been set.  Moreover, there are many attorneys in this district who are qualified and able to take on representation of Saenz with reasonable promptness (conditioned on reasonable fee terms).  If he cannot afford replacement counsel, then he will have to proceed without hired counsel (although *pro bono* counsel might be available if he were indigent).

To the extent that Saenz's contract with the attorneys required them to represent him despite the dispute regarding payment of fees (assume, for example, that no fees are owed and the contract required continued representation if fees were current), he may have rights under his contract upon the attorneys withdrawing.  For example, if the contract barred them from withdrawing and he is damaged by their withdrawal, he may have a claim for breach of that contract.  But it is not for the court to inquire prematurely into what the contract required.  In other words, unless withdrawal would have an adverse impact on the disposition of this adversary proceeding, which it would not, the court will not interfere with the attorneys' decision to terminate the relationship and face a potential claim of breach of contract.

2

Finally, Saenz claims that the attorneys have not kept him apprised of the steps they are taking on his behalf.  This suggests that they are now in an adversarial posture with respect to whether they have carried out their obligation to represent him in an appropriate fashion.  That might be cause for withdrawal even if a trial were imminent, but I do not reach that issue.

An order follows permitting the attorneys to file a notice of withdrawal if they are unable to patch up their differences with Mr. Saenz.

[Signed and dated above.]

Copies to:

All counsel of record in this adversary proceeding; Carlos Saenz, 12154 Darnestown Road, #526, Gaithersburg, MD 20878.